IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GOLD COAST COMMODITIES, INC.**                                                   **PLAINTIFF**

vs.                                                   **CIVIL ACTION No.: 3:18-CV-793-HTW-LGI**

**CRUM & FORSTER SPECIALTY**
**INSURANCE COMPANY**                                                                **DEFENDANT**

**ORDER**

Before this Court is Plaintiff Gold Coast Commodities, Inc.'s ("Gold Coast") Motion for Relief from Final Judgment **[Doc. 42]** pursuant to Rule 60(b)(6)[1] of the Federal Rules of Civil Procedure, and Defendant Crum & Forster Specialty Insurance Company's ("Crum & Forster") opposition thereto [Doc. 44].

Gold Coast seeks relief from this Court's prior judgment of dismissal, entered on March 30, 2022 [Doc. 37], affirmed by the United States Court of Appeals for the Fifth Circuit on May 22, 2023, and issued as mandate on June 13, 2023 [Doc. 41]. This Court thoroughly has considered the parties' detailed submissions, extensive arguments presented, applicable statutory and case law, and finds as follows:

**I.    BACKGROUND FACTS**

This litigation originates from an insurance coverage dispute concerning Crum & Forster Policy No. PKC-104390 ("Policy"), which was issued to Gold Coast. The Policy pertains to alleged damages

---

[1] (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons…**(6)** any other reason that justifies relief.
Fed. R. Civ. P. 60

1

resulting from wastewater discharges attributed to Gold Coast, which purportedly caused significant damage to the City of Brandon's municipal sewer infrastructure. The City of Brandon, Mississippi, ("the City") initiated a lawsuit[2] in 2018, claiming that Gold Coast intentionally and recklessly discharged wastewater into its sewer system in violation of municipal ordinances and environmental regulations. The City's allegations characterized Gold Coast's actions as deliberate and ongoing over an extended period, significantly damaging the City's infrastructure and necessitating costly remediation.

Upon receiving notice of the suit, Gold Coast sought a defense and indemnity from Crum & Forster under the Policy. Crum & Forster, however, denied coverage, asserting the underlying lawsuit's claims alleged intentional wrongdoing, expressly excluded from policy coverage.

## II.    PROCEDURAL HISTORY

Aggrieved, Gold Coast filed the instant declaratory judgment action to compel Crum & Forster to honor its alleged obligations under the Policy to provide a defense and indemnity. Initially, both parties filed dispositive motions: Gold Coast submitted a Motion for Partial Judgment on the Pleadings, while Crum & Forster countered with a Motion to Dismiss. After thorough review, this Court dismissed Gold Coast's action without prejudice on March 30, 2022, finding that the City of Brandon's allegations unambiguously asserted intentional conduct, thereby negating coverage under the Policy.

Gold Coast appealed this ruling. On appeal, the Fifth Circuit meticulously reviewed the matter, affirming this Court's determination and reiterating that the complaint filed by the City of Brandon clearly alleged deliberate and intentional misconduct, explicitly precluding coverage under the Crum & Forster Policy.

---

[2] *City of Brandon v. Gold Coast Commodities, Inc., et al.*; Civil Action No. 18-142; In the Circuit Court of Rankin County, Mississippi.

### III. JURISDICTION

Jurisdiction remains proper under 28 U.S.C. § 1332[3], given complete diversity between the parties and an amount in controversy surpassing $75,000, exclusive of interest and costs.

### IV. ANALYSIS

Gold Coast's present motion invokes Rule 60(b)(6), citing what it characterizes as extraordinary circumstances arising from a February 20, 2024, jury verdict in the criminal matter of *USA v. Douglas* (No. 3:22-cr-36-TSL-ASH). The criminal jury found Thomas W. Douglas, Jr., a principal officer of Gold Coast, guilty of criminal negligence, rather than intentional misconduct related to similar wastewater discharges at issue in the City of Brandon's civil litigation.

Gold Coast asserts that this jury verdict fundamentally alters the premise upon which this Court initially denied insurance coverage. Gold Coast highlights Fifth Circuit jurisprudence holding that an insurer's duty to defend arises when any allegations within the underlying complaint potentially implicate coverage. Gold Coast contends that because the jury explicitly determined Douglas's actions were negligent, and not intentional, this Court's original analysis regarding intentionality is significantly undermined.

Crum & Forster, opposing the motion, argues vigorously that the jury's verdict in the criminal proceeding does not alter the numerous independent grounds upon which this Court and the Fifth Circuit previously relied to exclude coverage. Specifically, Crum & Forster points to multiple policy exclusions that were not dependent solely on intentional acts. These include exclusions related to the

---

[3] Title 28 U.S.C. § 1332:
    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
    Citizens of different States…

timing of the alleged acts, knowledge and notification requirements, and explicit exclusions barring coverage for criminal conduct. Crum & Forster argues further that the underlying City of Brandon complaint has not changed and continues to assert intentional conduct unequivocally.

This Court carefully reviewed Fifth Circuit guidance, particularly *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981), acknowledging the court's obligation to balance the importance of finality in judgments against the pursuit of substantial justice. Rule 60(b)(6) demands exceptional circumstances warranting relief, and such motions must demonstrate a clear and compelling justification for disturbing a final judgment.

In the matter *sub judice*, the criminal jury's verdict finding negligence rather than intent presents a significant development meriting this Court's careful consideration; however, upon meticulous examination, this Court recognizes that multiple independent policy exclusions previously identified remain fully intact and operative. Significantly, the criminal acts exclusion within the Policy expressly precludes coverage for damages arising from any criminal conduct, including criminal negligence. Thus, rather than eliminating an exclusion, the jury's finding of criminal negligence reinforces yet another exclusionary basis already provided for within the explicit terms of the Policy.

Established Fifth Circuit jurisprudence further instructs that an insurer's duty to defend is triggered only if the underlying complaint asserts claims that potentially fall within the insurance policy's coverage. See *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305 (5th Cir. 2006); *Merchants Co. v. American Motorists Ins. Co.*, 794 F. Supp. 611, 617 (S.D. Miss. 1992). The court must focus exclusively on the factual allegations of the complaint, disregarding extrinsic evidence unless the complaint is ambiguous or lacks sufficient factual detail. See *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004); *Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 475 (5th Cir. 2009).

Here, the allegations found in the underlying City of Brandon Complaint remain unchanged—explicitly asserting intentional, surreptitious misconduct by Gold Coast.

V.     **CONCLUSION**

After detailed analysis and due consideration of all relevant facts, evidence, and law, this Court concludes that the extraordinary circumstances cited by Gold Coast—the criminal jury's determination of negligence—do not vitiate or negate the independent grounds previously articulated for denying insurance coverage under the Policy. On the contrary, the criminal verdict fortifies an independent policy exclusion specifically addressing criminal acts, including negligence.

Accordingly, the Court finds no grounds sufficient to justify relief under Rule 60(b)(6) and hereby **DENIES** Plaintiff Gold Coast Commodities, Inc.'s Motion for Relief from Final Judgment **[Doc. 42]**. This Court's prior judgment dismissing Gold Coast's lawsuit remains FINAL.

**SO ORDERED this the 24th day of March, 2025.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**